BEFORE THE SECOND DIVISION, FEBRUARY 18, 1941

**No. 45416.**—Protest 920592–G of Armand Schwab & Co., Inc. (New York).

TILSON, Judge: The plaintiff filed this suit against the United States seeking to recover a certain sum of money alleged to have been illegally exacted as customs duties on imported straw hats.   Duty was levied on the merchandise at 25 per-

cent ad valorem and 25 cents per dozen under paragraph 1504 (b) (2), Tariff Act of 1930, and is claimed to be properly dutiable at only 25 percent ad valorem under paragraph 1504 (b) (1) of said act, as straw hats, not bleached.

Samples of the hats were admitted in evidence and marked collective exhibits 2–A, 2–B, and 2–C. The deposition of Hugo Bing, the owner and exporter of the instant merchandise, was admitted in evidence and marked exhibit 1. A number of illustrative exhibits were also admitted in evidence and properly marked. All of these exhibits have had our careful examination and consideration in connection with the other evidence before us.

For the purpose of making clear the exact treatment applied to these hats we quote the following from the deposition of witness Bing:

The treatment given is, first, washing with potash and bicarbonate of soda, followed by neutralization of these substances by means of Sale di Ascetocella, and each time after having washed the straw in each of these substances it is treated with sulphur vapor. This process is repeated as many times as is believed necessary according to the darkness of the straw.

The chemicals used are: potash, sulphur, bicarbonate of soda, Sale di Ascetosella and sulphur.

The order in which used is: potash, sulphur, bicarbonate of soda, sulphur, Sale di Ascetosella, sulphur.

The straw is washed first in potash and when half dry is put in sulphur vapor. It is then washed in bicarbonate of soda and when half dry it is again put in sulphur vapor. Should not this process be adopted the straw would be exposed to mildew and to deterioration by straw insects. Obviously the alkaline substance which remains in the straw must be removed, and this is done by neutralizing the basic substance by washing in Sale di Ascetosella and when the straw is nearly dry it is again put in sulphur vapor. The treatment of washing the straw in bicarbonate of soda and Sale di Ascetosella must be repeated until the desired uniformity of color of the straw is obtained.

The result obtained by the combined use of these substances produces a uniform color, as shown by the samples attached hereto.

The plaintiff offered the testimony of several witnesses in an effort to show that the process through which these hats had passed was only for the purpose of protecting the straw from mildew and from deterioration by straw insects, and also for the purpose of restoring the straw to its natural leghorn color, and that this process was not applied for the purpose of bleaching the hats. It may be that it was absolutely necessary to subject these hats to the process hereinbefore set out in order to protect them from mildew and deterioration and to restore them to their natural leghorn color, but, if this process also served to bleach the hats, they are nevertheless bleached hats.

Had these hats been first washed in potash, then in bicarbonate of soda and then in Sale di Ascetosella and then put in the sulphur vapor this case would be much stronger for the plaintiff, but it is to be noted that after each washing the hats are put in sulphur vapor. There is no contention that this sulphur vapor was a washing or cleansing agent. The second time these hats were washed they were washed in bicarbonate of soda. It would seem that this second washing might well free the hats of any sulphur vapor they had received after the first washing. The same would also appear to be true as to the third washing, which was in Sale di Ascetosella. In the end it would seem that the only protection from mildew and straw insects would be due almost entirely from the sulphur vapor they received after the last washing.

One of plaintiff's witnesses testified that all these processes to which these hats are subjected are known as bleaching, and the defendant's two witnesses testified that said process was a well-known bleaching process, that the agents used were bleaching agents, and that hats subjected to such process would of necessity be bleached.

After a careful consideration of all the evidence before us we are satisfied that the weight thereof does not establish a *prima facie* case for the plaintiff. All the claims in this suit are, therefore, overruled. Judgment will be rendered accordingly.